IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00193-REB-MEH

VOLVO FINANCIAL SERVICES, a division of VFS US LLC, a Delaware limited liability company,

      Plaintiff,

v.

PREMIERE EQUIPMENT RENTALS, LLC, an Arizona limited liability company,
R.J. REAL ESTATE ENTERPRISES, LLC, an Arizona limited liability company,
ERIC RADEWAHN, a/k/a Eric John Radewahn, a/k/a Eric J. Radewahn, an individual,
SUSAN RADEWAHN, a/k/a Susan Mary Radewahn, a/k/a Susan M. Radewahn, an individual,
ANDREW PIOTROWSKI, a/k/a Andrew James Piotrowski, a/k/a Andrew J. Piotrowski, an individual, and
MICHELLE PIOTROWSKI, an individual,

      Defendants.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendants and Counterclaimants Premiere Equipment Rentals, LLC, R.J. Real Estate Enterprises, LLC, Andrew Piotrowski, Michelle Piotrowski, Eric Radewahn and Susan Radewahn's Motion for Leave to File First Amended Answer and Counterclaims [filed May 26, 2009; docket #34]. The Motion is referred to this Court for disposition. (Docket #35.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS** Defendants' Motion.

**I.**     **Background**

This case is a diversity action arising from a business relationship between Plaintiff and Defendants, in which Plaintiff holds five promissory notes executed by Defendant Premiere

Equipment Rentals, LLC, and allegedly guaranteed by Defendants Eric Radewahn, Andrew Piotrowski, Michelle Piotrowski, and consented to guarantee by Defendant Susan Radewahn. Defendants counterclaimed against Plaintiff, asserting negligent misrepresentation and rescission of the loan documents at issue due to deceit based on fraud, mutual mistake, and void/illegal agreements.  In their present Motion, Defendants seek permission to add two more claims to their counterclaims against Plaintiff, pursuant to Arizona's Consumer Fraud Act and alternatively, the North Carolina Unfair and Deceptive Trade Practices Act.  (Docket #34 at 2.)  Plaintiff opposes Defendants' request on the bases of futility and its perspective that Defendants seek this relief after the deadline for amendment of pleadings.

**II.     Discussion**

Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served.  Once a responsive pleading is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party.  *See Foman v. Davis,* 371 U.S. 178, 182 (1962).  The grant or denial of leave is committed to the discretion of the district court.  *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).  The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires."  Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff [or counterclaimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182.  Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Duncan*, 397 F.3d at 1315; *see also*

*Foman,* 371 U.S. at 182. Denying a motion to amend is proper "if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim." *Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992) (citing *Foman*, 371 U.S. at 182).

The Court first addresses Plaintiff's contention that Defendants filed their request after the deadline for amendment of pleadings. Pursuant to the Scheduling Order in this matter, the deadline for amendment of pleadings was set for May 25, 2009. As Defendants correctly point out, May 25, 2009, is Memorial Day, which is a recognized legal holiday as defined by Fed. R. Civ. P. 6(a)(4)(A). Also pursuant to Rule 6, if the last day is a legal holiday, "the period runs until the end of the next day that is not a . . . legal holiday." Accordingly, the Court concludes Defendants timely filed this Motion on May 26, 2009.

Second, the Court evaluates Plaintiff's briefly stated opposition to Defendants' request based on futility of amendment. In its response, Plaintiff contends only that "the premise on which Defendants' counterclaims are based - that VFS is an "agent" for Volvo Rents - is, quite simply, false" and no facts support Defendants' "most basic assertion." (Docket #38 at 2.) In their reply, Defendants assert the bases for their proposed additional counterclaims include not only agency, but also agency by estoppel, and in any event, liability does not require a showing of either. (Docket #39 at 2.) Defendants then expound upon their allegations, providing factual and legal theories in support of their sought amendments.

The Court believes Defendants present appropriate amendments. The allegations are similar to those already made in this case. Considering the timeliness of Defendants' request, the establishment by Defendants of at least triable issues of potential liability, and the interests of justice, the Court finds Defendants meet the requirements of Rule 15(a).

### III.     Conclusion

Accordingly, the Court **ORDERS** Defendants and Counterclaimants Premiere Equipment Rentals, LLC, R.J. Real Estate Enterprises, LLC, Andrew Piotrowski, Michelle Piotrowski, Eric Radewahn and Susan Radewahn's Motion for Leave to File First Amended Answer and Counterclaims [filed May 26, 2009; docket #34] is **GRANTED**. The Court directs the Clerk of Court to enter the Amended Answer and Counterclaims located at docket #34-2.

Dated at Denver, Colorado, this 9th day of July, 2009.

                                    BY THE COURT:

                                    s/Michael E. Hegarty
                                    Michael E. Hegarty
                                    United States Magistrate Judge