IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00193-REB-MEH

VOLVO CONSTRUCTION EQUIPMENT RENTS, INC., a Delaware corporation,

    Plaintiff,

v.

PREMIERE EQUIPMENT RENTALS, LLC, an Arizona limited liability company,
R.J. REAL ESTATE ENTERPRISES, LLC, an Arizona limited liability company,
ERIC RADEWAHN, a/k/a Eric John Radewahn, a/k/a Eric J. Radewahn, an individual,
SUSAN RADEWAHN, a/k/a Susan Mary Radewahn, a/k/a Susan M. Radewahn, an individual,
ANDREW PIOTROWSKI, a/k/a Andrew James Piotrowski, a/k/a Andrew J. Piotrowski, an individual, and
MICHELLE PIOTROWSKI, an individual,

    Defendants.

## RECOMMENDATION[1] FOR RESCHEDULING OF TRIAL DATE

**Michael E. Hegarty, United States Magistrate Judge.**

This recommendation is made *sua sponte*. The Court and parties have engaged in significant efforts to settle this case, including three settlement conferences. The Court is optimistic that a resolution can be reached. These efforts have necessitated the parties to focus on settlement in lieu

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

of expensive discovery. These efforts alone could provide cause for extending the time of discovery in the event a resolution is not reached, in order to permit the parties sufficient time to complete this case. In addition, in the first half of this year, defense counsel experienced health issues that foreclosed, for a period of months, the ability of the parties to engage in discovery. In the event that, over the next month or so, the Court is unable to negotiate a settlement, there is too much discovery to be conducted to permit a trial under the current schedule.

Thus, the Court recommends the trial date set for January 2011 be **vacated** and **reset** to begin in the latter half of 2011, if Judge Blackburn's calendar permits, which will still permit final judgment to be entered prior to the time that this case becomes three years old. If the trial date is rescheduled, this Court will enter a supplemental scheduling order consistent with the new dates.

Dated at Denver, Colorado, this 21st day of June, 2010.

                                BY THE COURT:

                                Michael E. Hegarty
                                United States Magistrate Judge