IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 09-cv-00193-REB-MEH

VOLVO CONSTRUCTION EQUIPMENT RENTS, INC., a Delaware corporation

    Plaintiff,

v.

PREMIERE EQUIPMENT RENTALS, LLC, an Arizona limited liability company; R.J. REAL ESTATE ENTERPRISES, LLC, an Arizona limited liability company; ERIC RADEWAHN a/k/a ERIC JOHN RADEWAHN a/k/a ERIC J. RADEWAHN, an individual; SUSAN RADEWAHN a/k/a SUSAN MARY RADEWAHN a/k/a SUSAN M. RADEWAHN, an individual; ANDREW PIOTROWSKI a/k/a ANDREW JAMES PIOTROWSKI a/k/a ANDREW J. PIOTROWSKI, an individual; MICHELLE PIOTROWSKI, an individual,

    Defendants.

## STIPULATED PROTECTIVE ORDER

Volvo Construction Equipment Rents, Inc. ("Volvo Rents"), and Premiere Equipment Rentals, LLC, R.J. Real Estate Enterprises, LLC, Eric Radewahn, Susan Radewahn, Andrew Piotrowski, and Michelle Piotrowski (collectively, the "Premiere Parties"), through their respective undersigned counsel, hereby agree to the entry of this Stipulated Protective Order ("Protective Order"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and further agree that they will abide by the following terms in order to preserve a claim by any party or non-party to this litigation that the nature of certain discovery materials produced during the course of this litigation is confidential or proprietary. Accordingly, the Court ORDERS as follows:

1

1. This Order shall govern all documents, testimony, and other discovery responses containing or incorporating confidential information as hereinafter defined ("<u>Confidential Information</u>") produced, given, or otherwise provided by any party or non-party during the pendency of this matter.

2. The producing party may designate as Confidential Information any information which is or was: (a) intended to be held in confidence; or (b) not intentionally disclosed to the public. Such designation of Confidential Information may include, but is not limited to: (i) information that is confidential and implicates the privacy interests of Volvo Rents, any Volvo Rents' franchisee, the Premiere Parties, and any of their respective principals, parents, affiliates, officers, directors, employees, agents, or representatives; (ii) Volvo Rents' and the Premiere Parties' financial information, proprietary commercial or business information, policies, manuals, trade secrets, business and strategic plans; (iii) information that may infringe upon the privacy of employees, former employees, representatives, affiliates, and customers; and (iv) other information belonging to and concerning the producing party which gives it an advantage in the marketplace against its competitors and is not generally known by or available to the public, whether or not in written or tangible form. Information designated by a party as Confidential Information must first be reviewed by a lawyer and that designation must be based on a good faith belief that the information is confidential or otherwise entitled to protection under FED. R. CIV. P. 26(c).

3. A party may also further designate Confidential Information as "Confidential Information – Attorney's Eyes Only." Any Confidential Information further designated as Attorney's Eyes Only shall only be viewed by the attorneys (and their staff, as needed) for the

non-disclosing/non-producing party, and those attorneys shall not share the Attorney's Eyes Only designated documents and information with their clients. However, an attorney receiving Attorney's Eyes Only documents or information may share with his clients a general description of the nature of the document or information received so long as such general description does not reveal any information contained in such document or information. The parties may agree in writing to a procedure for a non-disclosing/non-producing attorney to share with a client a portion of Attorney's Eyes only designated documents and information or share with a client Attorney's Eyes Only designated documents and information under designated circumstances such as, by way of example and not limitation, an attorney keeping in his or her possession at all times the Attorney's Eyes Only documents or information and the client reviewing only in the presence of the attorney such documents or information. In no event shall such review by a client of Attorney's Eyes Only information take place in front of third-persons, and otherwise the review by a client of Attorney's Eyes Only documents or information shall be at a location that preserves the confidentiality of such documents or information.

4. A party shall not be obligated to immediately challenge a "Confidential" designation, and failure to do so shall not preclude a subsequent challenge thereto. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such

a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential, or the further designation of Attorney's Eyes Only. The failure to object to a designation of "Confidential Information" shall not be deemed an admission, or otherwise a waiver of rights to contest, that the information designated as "Confidential Information" is "Confidential Information" as defined by this Protective Order, or otherwise that the "Confidential Information" is confidential, proprietary, or constitutes trade secrets as those terms are applied under law.

5. Confidential Information shall be used solely for the prosecution or defense of the claims in this matter, and shall not be used for any other business, commercial, competitive, personal, investigative, or other purposes or in or as a predicate to any other civil or criminal litigation. Confidential Information shall not be disclosed by any party or counsel to any other person or source, except as permitted herein.

6. The designation of documents containing Confidential Information may be made by placing or affixing to each page thereof the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY or any other similar designation agreed to by the parties.

7. A party may designate documents or other information and materials it provides as "Confidential Information," or with the more restrictive "Attorney's Eyes Only" designation.

A party may designate documents or other information and materials provided by another party or non-party as "Confidential Information," or the more restrictive "Attorney's Eyes Only" designation.

8. Any non-party from whom discovery is sought in the lawsuit may invoke the protection of this Protective Order to designate documents or other information and materials that it provides as Confidential Information (or Confidential Information – Attorney's Eyes Only) hereunder. In such event, the non-party agrees to be bound by the terms of this Protective Order, and all parties agree that the non-party's Confidential Information shall be treated in a manner consistent with this Protective Order in all respects.

9. Any party or non-party that inadvertently discloses documents containing Confidential Information may provide written notice of such an error and substitute copies of the inadvertently produced documents with the corrected designation of "Confidential."

10. If any deposition, trial, or hearing testimony discloses Confidential Information, counsel shall advise the court reporter of the same within 14 days after the testimony is initially transcribed. The court reporter shall then separate those portions of the testimony which have been so designated and shall mark the face of the transcript with the word "CONFIDENTIAL" and seal that portion of the transcript. This portion of the transcript will be treated as Confidential Information pursuant to the terms of this Protective Order.

11. Confidential Information may be disseminated only to (and shall at all times be maintained in confidence by) the parties' counsel and employees in counsel's office assisting them in this matter, the parties, the Court before which this dispute is pending, any court reporters present in their official capacity at any hearing, deposition, or proceeding in this

matter, deponents, witnesses, potential witnesses, consultants, mock jurors and any testifying and non-testifying expert witnesses (and their employees assisting them in this matter) retained by the parties in connection with this matter (provided such deponents, witnesses, potential witnesses, consultants, mock jurors and expert witnesses are given a copy of this Protective Order and agree in writing to abide by its terms, before Confidential Information is disclosed to them, by executing the affidavit attached hereto (the "Affidavit").

12. To receive Confidential Information, each person or party not a signor to this Protective Order, but appropriately designated pursuant to paragraph 10 above must execute the Affidavit in the form attached hereto. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause of review is demonstrated by opposing counsel.

13. In the event a party files with the Court any Confidential Information or pleading which attaches, incorporates, includes, or refers to any Confidential Information, such materials shall be filed under seal pursuant to applicable rules and/or procedures of the Court. The terms of this Protective Order shall apply to all Confidential Information made part of any evidentiary record.

14. The terms of this Protective Order shall also apply to any notes, summaries, abstracts, or analyses prepared by counsel or expert witnesses who have access to Confidential Information and which reflect any underlying Confidential Information, or observations or conclusions drawn therefrom.

15. In the event any person or party that has possession, custody, or control of any information designated as "Confidential Information" pursuant to the terms of this Protective

Order receives a subpoena or other process or order to produce such information, such person or party shall notify by mail the counsel for the party or persons claiming confidential treatment of the documents or information sought by such subpoenas or other process or order, shall furnish such counsel with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interests may be affected. The party asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order.

16. Within 60 days upon the completion of the litigation and any proceedings in this matter including appeals, counsel shall collect all Confidential Information, which shall be treated, respectively, as follows: (a) all documents filed in the Court shall remain under seal or returned to the producing party; (b) all documents marked as Confidential shall be returned to counsel for the producing party; (c) counsel may retain their copies of court filings, attorney work product containing or referencing Confidential Information, and attorney-work product reflecting another entity's Confidential Information, subject to the terms of this Protective Order; and (d) all other Confidential Information shall be collected by counsel and destroyed, with written notice of destruction provided to the producing counsel.

17. Any party or other person or entity receiving Confidential Information and thereby agreeing to abide by the Protective Order's terms, agrees that the Confidential Information disclosed pursuant to this Protective Order: (a) shall be kept strictly confidential; (b) is not for the use or benefit of any person or entity unrelated to this case; and (c) shall not be communicated, disclosed, or publicized to anyone unrelated to this case, either directly or indirectly, by inference or otherwise, whether through counsel or otherwise.

18. All parties and entities producing or receiving Confidential Information acknowledge that: (a) any unauthorized disclosure of Confidential Information or violation of this Protective Order shall subject the violator to this Court's jurisdiction and Civil contempt power; and (b) any unauthorized disclosure shall be a sufficient basis for the Court to award damages to the disclosing party upon proof thereof plus any and all reasonable attorneys' fees and costs incurred by the disclosing party in enforcing the Protective Order. Nothing in this Protective Order shall be construed to prohibit the disclosing party from also pursuing any other legal or equitable remedies, the parties having agreed that all remedies are to be cumulative.

19. In the event disputes regarding interpretation of this Protective Order arise, counsel shall first make a good faith effort to resolve such disputes informally, and only if the disputes cannot be informally resolved, counsel shall request the Court to determine if any violation has occurred.

20. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

21. The obligations imposed by this Protective Order shall survive the termination of this action.

Dated this 21st day of September, 2010.

| **Volvo Construction Equipment Rents, Inc.** | **Premiere Equipment Rentals, LLC, R.J. Real Estate Enterprises, LLC, Eric Radewahn, Susan Radewahn, Andrew Piotrowski, and Michelle Piotrowski** |
|---|---|
| */s/ Brian P. Gaffney* | */s/ Peter Greenfeld* |
| By: Snell & Wilmer L.L.P.<br>James Kilroy<br>Holly R. Shilliday<br>Brian P. Gaffney<br>1200 Seventeenth Street<br>Suite 1900<br>Denver, Colorado 80202<br>Telephone: (303) 634-2000<br>Facsimile: (303) 634-2020<br>E-mail: jkilroy@swlaw.com;<br>hshilliday@swlaw.com;<br>bgaffney@swlaw.com | By: Peter Greenfeld<br>1212 East Osborn Road, Suite 115<br>Phoenix, Arizona 85014<br>Telephone: 602.956.4226<br>Facsimile: 602.956.4232 (fax)<br>E-mail: pgreenfeld@azfranchiseelaw.com<br><br>Harold R. Bruno, III<br>Robinson Waters & O'Dorisio, P.C.<br>1099 18th Street, Suite 2600<br>Denver, Colorado 80202<br>Telephone: (303) 297-2600<br>Facsimile: (303) 297-2750<br>E-mail: hbruno@rwolaw.com |

IT IS SO ORDERED:

Dated at Denver, Colorado, this 23rd day of September, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty

United States Magistrate Judge

**Affidavit of Additional Parties to Stipulated Protective Order**

_____ declares that:

I have read and believe I understand the terms of the Stipulated Protective Order ("Protective Order") dated _____, filed in Civil Action No.: 1:09-cv-00193-REB-MEH, pending in the United States District Court for the District of Colorado. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I further agree that I will abide by the terms in the Protective Order to preserve the confidential and proprietary nature of certain discovery materials produced during the course of this litigation by any party or non-party. By my signature below, I agree to be bound by the terms of the Protective Order and I consent to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____  _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Signature